# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. 08 C 6934 |
| v. | ) ) |
| RANDY GRIFFIN, | ) HONORABLE DAVID H. COAR ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Randy Griffin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; and the Government's motion to strike Griffin's "supplemental affirmation." For the following reasons, the Government's motion is GRANTED and Griffin's motion is DENIED. The court declines to issue Griffin a certificate of appealability.

## BACKGROUND

Randy Griffin and his codefendants robbed a string of currency exchanges and other businesses in the greater Chicago area. After a jury trial at which two of the conspiracy's leaders testified, Griffin was convicted of two counts of robbery and one count of conspiracy to commit robbery in violation of 18 U.S.C. §§ 1951; and two counts of using, carrying, and brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A). On August 29, 2005, this court sentenced Griffin to 524 months' imprisonment and three years of supervised release.

On direct appeal, Griffin and his codefendant Lomax argued that (1) the robberies did not have an impact on interstate commerce sufficient to support a conviction under the Hobbs Act, 18 U.S.C. § 1951(a); (2) an impermissible variance existed between the conspiracy charged in the indictment and that proved at trial; (3) this court erred by declining to give the multiple-

1

conspiracy instruction they had proposed; and (4) mandatory minimum sentences imposed for brandishing a firearm are unconstitutional because they are based on facts found only by a judge at sentencing. The Seventh Circuit found no merit in any of these arguments and affirmed Griffin and Lomax's convictions. *See United States v. Griffin*, 493 F.3d 856 (7th Cir. 2007).

Griffin, however, also challenged his sentence on the grounds that this court improperly applied a presumption that a sentence within the range recommended by the United States Sentencing Guidelines is reasonable. In his sentencing memorandum, Griffin acknowledged that the statutory minimum sentence for the two counts of conviction under § 924(c)(1)(A) was 384 months, which had to run consecutively to the sentences imposed for any other counts. *See* 18 U.S.C. § 924(c)(1)(D)(ii). With respect to Griffin's remaining convictions, the Guidelines provided for a range of 140 to 175 months. Accordingly, this court calculated the total Guidelines range as 524 to 559 months. Griffin asked for the statutory minimum of 384 months; this court imposed the Guidelines minimum of 524 months. In doing so, the court stated that "the burden's on the defendant to overcome the rebuttable presumption that a guideline sentence is appropriate. I'm not in a position to find on this record that the presumption of reasonableness has been overcome."

After Griffin was sentenced, the Seventh Circuit held that the presumption that a sentence within a properly calculated Guidelines range is reasonable is an appellate presumption only; a district court judge "is not required—or indeed permitted—to 'presume' that a sentence within the guidelines range is the correct sentence." *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). Shortly thereafter, the Supreme Court also held that the presumption of reasonableness is "an *appellate* court presumption" that "applies only on appellate review." *Rita v. United States*, 551 U.S. 338 (2007). In light of *Demaree* and *Rita*, then, the Seventh Circuit

vacated Griffin's sentence and remanded for resentencing. Recognizing that the Guidelines minimum was a "stiff sentence," this court resentenced Griffin, on December 5, 2007, to 408 months' imprisonment—a 116 month reduction.

Griffin did not appeal. On December 4, 2008, he filed the present § 2255 motion alleging that his attorney at trial and sentencing, Standish E. Willis, ignored his request to file a notice of appeal from the new judgment. Because Griffin included a sworn affidavit to the same effect, the court conducted an evidentiary hearing on this issue on September 2, 2009.

At the hearing, Griffin testified that on two occasions, Willis told him that he would file an appeal. On November 5, 2007, Griffin and Willis spoke briefly in the lockup at this court. Griffin testified that Willis told him "that he was going to file an appeal on my behalf, and that he was going to attack the identification of the lineup." (Tr. 8.) And just prior to Griffin's resentencing hearing on December 5, 2007, again in this court's lockup, Willis purportedly said to Griffin that Griffin "was goin' be resentenced, and after that [Willis] was going to file an appeal . . . [Willis] told [Griffin] he had the brief prepared." (*Id.* 9.) Griffin further testified, "I told him I wanted to file an appeal." (*Id.* 10.)

Griffin's mother and sister testified that immediately after the resentencing hearing, Willis told them that he was going to file an appeal. (*Id.* 20-21, 24-25.)

Willis testified that he never told Griffin he would file an appeal. Willis spoke to Griffin immediately after the resentencing on December 5, 2007, "either down here in the lockup or on the 24th floor." (*Id.* 27.) Willis testified that he and Griffin were both pleased with the result of the resentencing. (*Id.*) Willis explained to Griffin that he thought an appeal would put the substantial reduction in his sentence at risk, as the Seventh Circuit had recently reversed and remanded where the district judge had sentenced one of his clients significantly below the

3

Guidelines minimum. (*Id.* 27-28.) Furthermore, Willis told Griffin that there were "no issues that [Willis] considered Supreme Court issues," and Griffin agreed that a certiorari petition was not a viable option. (*Id.* 28.) At the end of the conversation, Griffin "said something to the effect of, you know, I trust your judgment on this. You know, if you could look at it and review it, or something like that. I said, you know, I'm not going to file it, but I'll review it for you. And then I'll just take the appropriate steps if that's what you want me to do. And that was it." (*Id.* 29.) Willis never asked Griffin to sign a waiver of appeal. (*Id.* 30.)

Willis did not recall any conversation about a possible appeal with Griffin's mother or sister. Willis testified that it was against his practice to talk about clients' plans because he considered such matters "privileged." (*Id.* 30.)

## **LEGAL STANDARD**

Federal prisoners may challenge their detention if their conviction or sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation and quotation marks omitted); *see* 28 U.S.C. § 2255. If the court determines that such a defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

To prevail on an ineffective assistance claim, Griffin must show that 1) his attorney's performance was objectively unreasonable, and 2) there is a reasonable probability that, but for his attorney's purported errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "When counsel's constitutionally deficient performance deprives a defendant of an appeal he otherwise would have taken, the defendant has

made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

## ANALYSIS

### *Griffin's § 2255 Motion*

Griffin's sole claim for relief in his present motion is that counsel was ineffective for failing to file a notice of appeal from his second sentencing. Since failure to file a notice of appeal that a client has instructed counsel to file constitutes ineffective assistance of counsel even if the client cannot specify a nonfrivolous ground of appeal, *see Flores-Ortega*, 528 U.S. at 486, the only issue to be resolved is whether Griffin instructed Willis to file a notice of appeal from his second sentence. Based on the testimony elicited at the evidentiary hearing, the court finds that Griffin has not established the factual predicate for his ineffective-assistance claim.

Griffin's testimony doesn't add up. For one thing, he maintains that Willis promised to file a direct appeal so that he could "attack" an eyewitness identification of Griffin at a police lineup. What's more, Willis supposedly had an appellate brief ready to go before Griffin's resentencing hearing. This account is difficult to believe. A seasoned attorney like Willis would surely have known that he could not raise this issue on appeal from a limited remand unless the law had changed or new and previously undiscoverable facts had come to light. *See United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003). Indeed, it is well settled that "[a] party cannot use the accident of remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). Griffin offers no reason why he could not have raised the lineup-identification issue on his initial direct appeal—as his codefendant Lomax did. *See Griffin*, 493 F.3d at 864-65. Since Griffin's appeal would have been limited to issues that arose from his

5

second sentencing, *see Parker*, 101 F.3d at 528, it is difficult to understand what Willis's purported *ex ante* brief would have said—or even why Willis would have assured Griffin that he would appeal the sentence before knowing what it was. The court would have to impute to Willis some very basic confusions and unlikely blunders in order to credit Griffin's testimony.

Willis's testimony, however, revealed that he was not so confused about the procedural posture of the case as Griffin's testimony made him out to be. Willis's advice to Griffin, as he recounted it, accurately canvassed the available appellate options: an appeal of Griffin's second sentence to the Seventh Circuit or a certiorari petition to the Supreme Court. Willis testified credibly that he advised against either alternative. Specifically, Willis advised that Griffin's was not the rare cert-worthy case, and that appealing his second sentence was risky since on remand, this court sentenced Griffin well below the Guidelines minimum. In all, Griffin was sentenced to 408 months—only two years more than the statutory minimum just for his two § 924(c) convictions, and 116 months less than the bottom of the Guidelines range, to which this court had initially sentenced him. Willis testified that immediately after the resentencing hearing, he explained to Griffin that the Seventh Circuit had recently reversed and remanded in a case where the district judge had sentenced his client well below the Guidelines minimum. So Griffin had little to gain—given that he received only two years for his § 1951 (robbery and conspiracy) convictions—and a large sentencing reduction to lose. According to Willis, Griffin agreed that there was too much risk and too little upside to appealing his second sentence. Under the circumstances of Griffin's case, that is a credible account of events, and it entails that Griffin never directed Willis to file a notice of appeal. At the very least, then, Willis's account makes significantly more sense than Griffin's, and for that reason the court finds that it is more credible.

Having credited Willis's testimony, the court finds that Griffin has not established by a

6

preponderance of the evidence that Willis ignored his express instruction to file a notice of appeal from his second sentencing. And even if, perchance, Griffin instructed Willis to file a certiorari petition to pursue the issues he had already raised in the Seventh Circuit—although the court finds that he did not—Willis's failure to do so would not provide a basis for an ineffective-assistance claim. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). Therefore, the court finds that Griffin has not established a factual basis for an ineffective-assistance claim based on Willis's purported failure to file a second direct appeal. Griffin's § 2255 motion must therefore be denied.

### *Government's Motion to Strike*

After timely filing a § 2255 motion alleging that counsel was ineffective for failing to appeal, Griffin filed a "supplemental affirmation" on June 25, 2009, in which he purports to raise several additional claims for relief. Since Griffin's supplement to his initial motion was nearly six months late, *see* 28 U.S.C. § 2255(f)(1), the Government has moved to strike it.

As a preliminary matter, the court notes that Griffin's claims in his supplemental filing do not "relate back" to the ineffective-assistance claim in his initial motion. A supplement to a § 2255 motion, filed after the one-year time limit has expired, is timely only if it relates back to the original motion. *Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002) (citing Fed. R. Civ. P. 15(c)). To relate back, the amendment must assert a claim "that arose out of the conduct, transaction, or occurrence set out" in the original motion. Fed. R. Civ. P. 15(c)(1)(B). An amendment does not relate back if it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 656 (2005). Thus, the fact that the new claims in the amendment arose out of the same "trial, conviction, or sentence" is not, by itself, enough to make the amendment timely. *Id.*

Griffin's original motion alleged only that counsel failed to file a direct appeal. In his "supplemental affirmation," Griffin purports to allege claims that depend on entirely distinct facts: that counsel was ineffective for failing to challenge a lineup identification; that this court erred by failing to properly instruct the jury about the use of accomplice testimony; and that the prosecutor should have been removed for a conflict of interest, since his father was allegedly a government witness whom, by Griffin's own admission, this court excluded from testifying. Thus, it is clear that none of Griffin's new claims relate back to his original motion within the meaning of *Mayle*. His "supplemental affirmation" is untimely.

Griffin responds that his late filing should be accepted for two reasons: (1) Willis's failure to file a notice of appeal entitles Griffin to a direct appeal and "resets the clock" on his § 2255 motion; (2) the court should equitably toll the statute of limitations because Griffin's belief that Willis was pursuing a direct appeal prejudiced his ability to timely file his claims. The first of these arguments is foreclosed by the court's factual findings above. The only question, then, is whether Griffin is entitled to equitable tolling. He is not.

Equitable tolling may apply on collateral review if a petitioner can demonstrate (i) that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, and (ii) that he has diligently pursued his claim, despite the obstacle. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling is rarely granted; as recently as 2008, the Seventh Circuit observed, "we have yet to identify a petitioner whose circumstances warrant it." *Id.*

Here, Griffin contends that he diligently pursued his § 2255 motion once he learned—in late August 2008, after several attempts to contact Willis—that Willis had not filed a notice of appeal; that he would have started working on his motion immediately after the resentencing in

December 2007 had he known there was no direct appeal; and that, given these circumstances, he could not acquire trial transcripts in time to present all of his claims in a timely motion. But lack of access to trial transcripts, for instance, does not warrant equitable tolling. *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002). Nor does counsel's failure to respond to a prisoner's letter inquiring about the status of an appeal, *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2000), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), or more generally, a prisoner's mistaken belief that no appeal had been filed. *See Montenegro*, 248 F.3d at 593-94. Moreover, even if the court found that Willis had been negligent—perhaps for carelessly leading Griffin to believe that he would file an appeal—that would not justify equitable tolling either. *See Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2001). In short, none of Griffin's allegations satisfy the extremely stringent requirements for equitable tolling in the habeas context. The Government's motion to strike his untimely supplement must therefore be granted.

*Certificate of Appealability*

Griffin is not entitled to a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, there are only two issues that could be raised on appeal. The first is whether this court's factual finding—namely, that Willis did not ignore a direct instruction from Griffin to file an appeal—could be deemed clearly erroneous. *See* Fed. R. Civ. P. 52(a). That question rarely if ever meets the statutory standard for a certificate of appealability. *Larson v. United States*, 1 Fed. App'x 503 (7th Cir. 2000) (nonprecedential order). The second is whether a reasonable jurist would find it debatable whether equitable tolling applies. Since it is clear that equitable tolling does not apply, there is no basis for issuing a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Government's motion to strike is GRANTED and Griffin's motion to vacate, set aside, or correct his sentence is DENIED. The court declines to issue a certificate of appealability.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: May 4, 2010**